# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALFREDO MORENO,<br><br>        Plaintiff,<br><br>    v.<br><br>MATTHEW CATE, et al.,<br><br>        Defendants. | CASE NO. 1:10-cv-00356 GSA PC<br><br>ORDER DISMISSING ACTION FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF COULD BE GRANTED<br><br>ORDER THAT DISMISSAL COUNTS AS A STRIKE UNDER 28 U.S.C. § 1915(G) |

Plaintiff is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff has consented to magistrate judge jurisdiction pursuant to 28 U.S.C. § 636(c)(1). This action proceeds on the May 16, 2011, first amended complaint, filed in response to an earlier order dismissing the original complaint and granting Plaintiff leave to file an amended complaint.

**I.**	**Plaintiff's Claims**

Plaintiff, an inmate in the custody of the California Department of Corrections and Rehabilitation (CDCR) at Avenal State Prison, brings this civil rights action against defendant correctional officials employed by the CDCR at Pleasant Valley State Prison (PVSP) and Calipatria State Prison. Plaintiff names the following defendants: Matthew Cate, Director of the California Department of Corrections and Rehabilitation; "Chief Medical Staff" at Calipatria State Prison; J.J. Cortez, a CDCR employee at Calipatria State Prison; D. Scott, a CDCR employee at Avenal State

1

Prison' "Chief Medical Staff " at Avenal State Prison.

In the original complaint, Plaintiff alleged that he was transferred to PVSP in 2006. Plaintiff alleged that he suffers from valley fever as a result of his transfer to PVSP. Plaintiff alleged that Defendants knew of the danger of exposure to valley fever, yet failed in their responsibility to protect Plaintiff. Plaintiff alleged that because Defendants failed in their responsibility to protect inmates, Plaintiff suffered "injury, pain, and the possibility of even death."

### A. Valley Fever

In the order dismissing the original complaint, Plaintiff was advised that regarding his claim that Defendants had a duty to protect Plaintiff from valley fever, the courts of this district have found such claims to be insufficient. "[T]o the extent that Plaintiff is attempting to pursue an Eighth Amendment claim for the mere fact that he was confined in a location where Valley Fever spores existed which caused him to contract Valley Fever, he is advised that no courts have held that exposure to Valley Fever spores presents an excessive risk to inmate health." King v. Avenal State Prison, 2009 WL 546212, *4 (E.D. Cal., Mar 4, 2009); see also Tholmer v. Yates, 2009 WL 174162, *3 (E.D. Cal. Jan. 26, 2009)("To the extent Plaintiff seeks to raise an Eighth Amendment challenge to the general conditions of confinement at PVSP, Plaintiff fails to come forward with evidence that Yates is responsible for the conditions of which Plaintiff complains.") The Court advised Plaintiff that Defendants could not, therefore, be held liable for the failure to supervise their subordinates, subjecting Plaintiff to dangerous conditions, or for a failure to protect Plaintiff.

### B. Supervisory Liability

Plaintiff was also advised that, as to the supervisory Defendants, under section 1983, Plaintiff must prove that the Defendants holding supervisory positions personally participated in the deprivation of his rights. Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002). There is no respondeat superior liability, and each defendant is only liable for his or her own misconduct. Ashcroft v. Iqbal, 129 S.Ct. 1937, 1948-49 (2009). A supervisor may be held liable for the constitutional violations of his or her subordinates only if he or she "participated in or directed the violations, or knew of the violations and failed to act to prevent them." Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989); also Corales v. Bennett, 567 F.3d 554, 570 (9th Cir. 2009); Preschooler

II v. Clark County School Board of Trustees, 479 F.3d 1175, 1182 (9th Cir. 2007); Harris v. Roderick, 126 F.3d 1189, 1204 (9th Cir. 1997). There were no facts alleged in the original complaint indicating that that any of the supervisory defendants knew of an objectively serious harm to Plaintiff's health or safety and acted with deliberate indifference to that harm.

### C.  Eighth Amendment Medical Care Claim

Plaintiff was advised of the following requirements to state a claim for inadequate medical care. "[T]o maintain an Eighth Amendment claim based on prison medical treatment, an inmate must show 'deliberate indifference to serious medical needs.'" Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006) (quoting Estelle v. Gamble, 429 U.S. 97, 106, 97 S.Ct. 295 (1976)). The two part test for deliberate indifference requires the plaintiff to show (1) "'a serious medical need' by demonstrating that 'failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain,'" and (2) "the defendant's response to the need was deliberately indifferent." Jett, 439 F.3d at 1096 (quoting McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1992), overruled on other grounds, WMX Techs., Inc. v. Miller, 104 F.3d 1133, 1136 (9th Cir. 1997) (en banc) (internal quotations omitted)). Deliberate indifference is shown by "a purposeful act or failure to respond to a prisoner's pain or possible medical need, and harm caused by the indifference." Id. (citing McGuckin, 974 F.2d at 1060). Where a prisoner is alleging a delay in receiving medical treatment, the delay must have led to further harm in order for the prisoner to make a claim of deliberate indifference to serious medical needs. McGuckin at 1060 (citing Shapely v. Nevada Bd. of State Prison Comm'rs, 766 F.2d 404, 407 (9th Cir. 1985)).

Plaintiff may not hold medical staff in general liable under the civil rights act. Plaintiff must identify individual defendants, and allege facts indicating that each individual knew of an objectively serious harm to Plaintiff and acted with deliberate indifference to that harm.

In the order dismissing the original complaint, Plaintiff was advised that the allegations were vague. Plaintiff was specifically advised that he must allege facts as to each Defendant indicating conduct that deprived Plaintiff of a protected right. The Court noted that the complaint failed to allege facts sufficient to state a claim for relief. Plaintiff was granted an opportunity to file an amended complaint. Plaintiff was specifically advised that his amended complaint should be brief,

1  Fed. R. Civ. P. 8(a), but must state what each named defendant did that led to the deprivation of
2  Plaintiff's constitutional or other federal rights, Hydrick, 500 F.3d at 987-88.  Although accepted as
3  true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level
4  . . . ."  Bell Atlantic Corp. v. Twombly, 127 S.Ct. 1955, 1965 (2007) (citations omitted).

**II.        First Amended Complaint**

In the May 16, 2011, first amended complaint, Plaintiff re-asserts his allegations that correctional officials transferred him to a facility located in an area known to harbor valley fever spores.  In the first amended complaint, Plaintiff names additional defendants located at Calipatria State Prison, as well as unidentified "medical staff" at Calipatria and Avenal.  Plaintiff alleges that "medical staff knew or should have known plaintiff's medical condition of asthma and T.B. which is a lung disease that makes plaintiff susceptible to contracting this disease of coccidioidomycosis 'valley fever." (Am. Compl. ¶ 3.)   Plaintiff contends that he conducted further research into valley fever, and discovered that, if untreated, would "start to move over the whole body."  (Id. ¶4.)

Plaintiff fails to cure the deficiencies identified by the Court in the March 25, 2011, order dismissing the original complaint.  Specifically, Plaintiff fails charge any of the named individual defendants with conduct that deprived Plaintiff of a protected interest.  Plaintiff was advised that an allegation of failure to protect Plaintiff by housing him in a valley fever endemic area fails to state a claim for relief.  Plaintiff was advised that he may state a claim for an Eighth Amendment violation if he alleges facts indicating that a named defendant subjected him to inadequate medical care, as that term is defined above.  Plaintiff has failed to do so.  Although he alleges additional facts in the first amended complaint, the crux of Plaintiff's claim remains the same.  Plaintiff alleges that he should not have been housed at Pleasant Valley State Prison, due to the prevalence of valley fever spores.  Such a claim fails to state a claim for relief.

Further, Plaintiff continues to name as defendants correctional officials employed in a supervisory capacity.  Plaintiff was clearly advised that in order to hold supervisory officials liable under section 1983, he must allege facts indicating personal participation in the violation.  Plaintiff has not alleged any facts indicating that any constitutional violation occurred.  The supervisory Defendants cannot, therefore, be liable.

### III. Conclusion and Order

The Court has screened Plaintiff's first amended complaint and finds that it does not state any claims upon which relief may be granted under section 1983. Plaintiff has been advised of the deficiencies in the original complaint, and provided with an opportunity to cure the deficiencies. Because Plaintiff has failed to cure the deficiencies, the Court dismisses the claims made in the original complaint with prejudice for failure to state a federal claim upon which the court could grant relief. See Noll v. Carlson, 809 F. 2d 1446, 1448 (9th Cir. 1987) (prisoner must be given notice of deficiencies and opportunity to amend prior to dismissing for failure to state a claim).

Accordingly, IT IS HEREBY ORDERED that this action is dismissed for failure to state a claim upon which relief can be granted, and that this dismissal count as a strike under 28 U.S.C. § 1915(g). The Clerk is directed to close this case.

IT IS SO ORDERED.

Dated: **May 27, 2011**              /s/ **Gary S. Austin**
                               UNITED STATES MAGISTRATE JUDGE